UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

BRIAN SCHAFFER, a minor, by his
parents and next friends, Jocelyn
and Martin Schaffer; JOCELYN
SCHAFFER; MARTIN SCHAFFER,
Plaintiffs-Appellees,

v.

PAUL VANCE, officially as
Superintendent; BOARDOF

EDUCATIONOF MONTGOMERY
COUNTY,
Defendants-Appellants.

No. 00-1471

MARYLAND ASSOCIATIONOF
BOARDSOF EDUCATION; NATIONAL
SCHOOL BOARDS ASSOCIATION; UNITED
STATESOF AMERICA,
Amici Curiae.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-99-15-PJM)

Argued: December 4, 2000

Decided: January 10, 2001

Before WILKINSON, Chief Judge, and LUTTIG and
MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Zvi Greismann, MONTGOMERY COUNTY PUBLIC SCHOOLS, Rockville, Maryland, for Appellants. Michael Jeffrey Eig, MICHAEL J. EIG & ASSOCIATES, P.C., Washington, D.C., for Appellees. **ON BRIEF:** Eric B. Schwartz, Deputy Executive Director, MARYLAND ASSOCIATION OF BOARDS OF EDUCATION, Annapolis, Maryland; Julie K. Underwood, General Counsel, NATIONAL SCHOOL BOARDS ASSOCIATION, Alexandria, Virginia, for Amici Curiae Boards. Bill Lann Lee, Assistant Attorney General, David K. Flynn, Teresa Kwong, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Judith A. Winston, General Counsel, Kala Shah Surprenant, UNITED STATES DEPARTMENT OF EDUCATION, Washington, D.C., for Amicus Curiae United States.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

This case arises in the context of the formulation of an individualized education plan (IEP) under the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. § 1411 et seq. The parents of Brian S. believed the IEP formulated by the Montgomery County Public School system (MCPS) would not have provided Brian with a free appropriate public education (FAPE) for the 1998-1999 school year. Accordingly, Brian's parents enrolled him in a private school and then initiated a due process hearing to obtain tuition reimbursement from MCPS. The Administrative Law Judge (ALJ) initially denied the relief requested, concluding that the IEP offered by MCPS would have provided Brian with a FAPE. Central to the ALJ's decision, however, was the conclusion that Brian's parents had the burden of proving that MCPS's IEP would not have provided a FAPE to their son.

2

Brian's parents appealed the ALJ's decision to the district court. The district court granted their motion for summary judgment and issued an opinion reallocating the burden of proof to MCPS. Brian S. v. Vance, 86 F.Supp 2d 538 (D. Md. 2000). The case was remanded to the ALJ in light of the new allocation of the burden of proof. MCPS appealed the district court's decision. The sole issue currently on appeal before this court, therefore, is that of who bears the burden of proof at an initial IEP hearing.

After briefs had been filed but prior to argument before this court, the ALJ revisited the claims made by Brian's parents. Even though the question was the subject of the pending appeal, the ALJ applied the district court's revised burden of proof scheme. After making 82 detailed findings of fact, the ALJ concluded that MCPS's proposed IEP would not have provided Brian with a FAPE. The ALJ found that Brian had a "central auditory processing" problem and that MCPS's plan failed to address this concern. The ALJ also concluded, however, that while Brian's parents were entitled to reimbursement under Burlington School Committee v. Department of Education of Massachusetts, 471 U.S. 359 (1985), and Florence County School District Four v. Carter, 510 U.S. 7 (1993), they never seriously contemplated placing Brian in a public school. According to the ALJ, no IEP that MCPS could have proposed would have kept Brian out of private school. Thus, the ALJ granted reimbursement of only one half of the tuition paid for Brian's private education during the 1998-1999 school year.

In light of this development, we vacate the decision of the district court and remand to that court with directions that any issue with respect to the proof scheme in this case be consolidated with the consideration on the merits. At this stage, it remains unclear what role, if any, the allocation of the burden of proof will have on the final adjudication of Brian's claim. Moreover, there may well be cross-appeals of the ALJ's decision since neither party prevailed fully at the hearing stage. If this court is to address the issue of who has the burden of proof in challenging an initial IEP, it should be in the context of a matured case or controversy rather than in the piecemeal fashion in which this case now appears before us. Accordingly, the judgment of the district court is vacated and remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED

s